No. 35.—James Bates, Admr. *de bonis non*, &c. plaintiff in error, *vs.* John Woolfolk, defendant in error.

[1.] Where a testator bequeathed to his wife a certain negro slave, so long as she should reside on a particular plantation, and made no other disposition of her, and the negro was duly distributed to the legatees under the will: *Held*, that an administrator *de bonis non*, with the will annexed, could not recover possession of the negro after the death of the legatee.

Trover, in Muscogee Superior Court, tried before Judge Alexander, May Term, 1848.

The case was tried upon the general issue, and the plea of the Statute of limitations. The plaintiff on the trial, proved the identity of the slaves, the subject of the action, and the conversion by the defendant, and also his (the plaintiff's) title, under and by virtue of his letters of administration, which were granted on the 2d day of March, 1846.

The negroes, the subject of the action, were Chloe, mentioned in the first item of testator's will, and her children, which is as follows: "First, I give and bequeath unto my wife, Esther, four hundred and eighty dollars, and I also require my son-in-law John Whigham, to build for her a good comfortable house on the plantation where I now reside, to be used and occupied by her during her life, or as long as she may choose ; and my said son-in-law is to furnish her yearly, and every year during her life, with forty bushels of corn, and one hundred weight of clean cotton. I do further give unto my wife, two beds and furniture ; one large painted pine chest ; one cup-board, and one table, and three chairs. I do also give further, to my wife, during her residence on said plantation, a small negro girl, Chloe, and forty weight of soap, and five bushels of salt, to be furnished her out of my estate, every year, and four hundred weight of pork, and one barrel of flour, yearly, and every year." No other portion of said will, referred to, or mentioned the negro, Chloe.

Several executors were named in the will, some of whom qualified on the 2d day of July, 1810. It was proven, that the negro, Chloe, was distributed to Esther McNeely, under the will of the testator, and that about a year after the testator's death, his widow, Esther McNeely, the legatee named in said first item, removed from the said plantation, where testator resided at the

time of making said will, and of his death ; and that the qualified executor was living at the time of her said removal.

The defendant proved his purchase of the slaves sued for, in the year 1837, and paid a full and valuable consideration for them, and that he had had them in his possession ever since. The suit was brought on the 25th day of March, 1846.

It was insisted by the counsel for the defendant, that a qualified executor being in life at the time of her said removal from testator's said residence, the right of action accrued to such executor, and consequently, the Statute of limitations commenced to run, and the plaintiff having no more rights than his predecessor, the executor, would have had if he had been living, was barred by the Statute of limitations.

The testimony having closed, and the cause submitted, the Court below charged the jury, that under the letters of administration, and on account of the form of the declaration in this case, the said plaintiff could not legally assert or exercise any more power over the property belonging to the estate of Andrew McNeely, and which was undisposed of by said will, and unadministered, than could John Whigham, one of said executors of said will, and that as were the letters of administration and said declaration, the said plaintiff stood before this Court in the same situation as would the said John Whigham, the executor, if he were in life and had brought the action ; and that if they believed, that more than four years had elapsed since the said John Whigham had qualified, or since the qualification of any one of the executors named in the will, and since said defendant had converted said negroes, that then the executor or executors could not recover Chloe and her said children, and that said plaintiff, standing in their place and stead, could not in the present action, but was also barred of his remedy by the Statute of limitations; and that as was the action, the Statute of limitations commenced to run against said plaintiff, when it commenced to run against the executor or executors. To the charge, thus given, the plaintiff excepted.

The plaintiff then requested the Court to charge the jury, that said plaintiff had, by virtue of his letters, all the power and rights of a general administrator ; and that if Chloe and her children, at the commencement of this suit, belonged to the estate of Andrew McNeely, and *was not disposed of by the said will*, and had not

Bates *vs.* Woolfolk.

been administered, that then, said plaintiff was entitled to recover. The Court refused to give the said charge as requested, but charged the jury, that whatever might be the construction to be placed on said letters, that in the form of the present action, the plaintiff occupied the place and position before the Court, as would the said John Whigham, if he had sued for said negroes; and that the Statute of limitations began to run against the executor, qualified when Esther McNeely, the widow of the testator, removed from the premises mentioned in said will; and that if more than four years had elapsed since her removal, and since the defendant had them in his possession, claiming them as his own, that then said executor was barred of a recovery by the Statute, and the present plaintiff, occupying the place of the executor, in this action, was also barred of a recovery. To the refusal of the Court to charge as requested, and to the charge as given, the plaintiff excepted.

The plaintiff further requested the Court to charge the jury, that if they believed from the evidence that said negro, Chloe, and the children were hers, and belonged to the estate of Andrew McNeely, *and had not been administered, and were undisposed of by will as aforesaid,* that the Statute of limitations did not commence to run against plaintiff, until his said letters of administration were granted unto the plaintiff; which charge, as requested, the Court also refused to give, and the plaintiff thereupon excepted.

JOHNSON & WILLIAMS, for plaintiff in error, cited—

1 *Chitty Pl.* 284. 1 *Saunders*, 111. 4 *Reports*, 28. 2 *East, Doe vs. Guy, Summers' Ed.* 71. 2 *Williams' Exrs.* 987, 1373. 1 *Washington R. Bumly vs. Lambert*, 308. 6 *Pickering*, 126. 2 *Hill, Alexander vs. Williams*, 522. 1 *Binney, Bemuth vs. Bachelor*, 63. 3 *Binney, Wilson vs. Wilson*, 557. *Prince's Digest*, 221, 224, 226, 233. 2 *Story E. Ju.* 1208. 2 *Blackstone Com.* 494. 3 *Binney*, 569. 1 *Swift*, 457. 4 *Washington*, 631. *Angell on Limitations*, 55. 3 *Stewart*, 172. 1 *Kelly*, 379, 538. 4 *Harris & Johnson*, 393.

JONES, BENNING & JONES, and HINES HOLT, for defendant in error.

Bates *vs.* Woolfolk.

*By the Court.*—WARNER, J. delivering the opinion.

This was an action of trover, brought by the plaintiff, as the administrator *de bonis non* with the will annexed, of Andrew Mc-Neely, deceased, against the defendant, to recover a negro named Chloe, and her children. From the facts, as they appear on the face of this record, the plaintiff was clearly not entitled to recover the negroes, in the character in which he sued.

[1.] The negro, Chloe, was bequeathed to the wife of the testator, during her residence on a particular plantation, and no other disposition made of her by the will whatever. It appears that some of the executors to the will qualified, and distributed the negro, Chloe, to the legatee, Mrs. McNeely; as Mrs. Turner, one of the witnesses, states, Mrs. McNeely had the property in her possession, *under the will* of Andrew McNeely, the grand-father of the witness. When Chloe was distributed to Mrs. Esther McNeely, the legatee under the will, by the executors, the will was executed, so far as the disposition of that part of the testator's property was concerned; in other words, that portion of the testator's estate was *fully administered*, according to the directions of his will. The plaintiff sues as the administrator *de bonis non, with the will annexed.* The office and duty of an administrator *de bonis non,* with the will annexed, is, to administer such portion of the testator's estate, as has not been administered under the directions of his will, or as we said in *Thomas vs. Hardwick,* "he is appointed to finish a business already begun, and in most cases partially performed. "So far as the negro Chloe is concerned, she has been *fully administered* in accordance with the will of the testator; and the plaintiff has no right to recover possession of her, for the purpose of making any *further administration under the will of the testator.* What rights a *general* administrator on the estate of Andrew McNeely might have in regard to the property, we express no opinion.

This view of the case being fatal to the plaintiff's right to recover, in the character in which he has brought his suit, it is not necessary to consider the Statute of limitations. Let the judgment of the Court below stand affirmed.