Pearson, J.
 

 Travis Turnage, by his will, gives to his wife, Christiana, a negro woman, Amy, and
 
 all her increase,
 
 and, after giving her several other negroes, notes
 
 *128
 
 and other property, he adds, “and one negro woman, Phillis, and
 
 Tier increase ”
 
 Before the death of the testator and before the making of the will, Amy had a child named Holland, and Phillis a child named Tilman, By the 10th clause of the will, the testator gives to his brother Elias Turnage, “all the balance of my negroes, which I have not disposed of, and all of my notes after the other shares are drawn out.”
 

 The first question raised is, whether Holland and Til-man are bequeathed to Christiana, or fall into the residue and pass to Elias Turnage. This question is settled by many adjudications. The will takes effect and
 
 speaks '
 
 from the death of the testator, unless a different intent is expressed ; consequently, a gift of a negro woman and .her increase is taken to mean, such as she may
 
 afterwards
 
 have ; and in this view, there can be no difference, whether the words are; her increase, or
 
 all
 
 of her increase, ' because the words apply only to such as she may after-wards have. This point is settled and need not be elaborated again.
 
 Cole
 
 v. Cole, 1 Ire. 460.
 
 Stulz
 
 v.
 
 Kizer, 2
 
 Ire. Eq. 538.
 

 Christiana Turnage, the executrix, on the 20th of January 1847, delivered to Elias Turnage, two negroes, King and Nice, and took from him a recept under seal, which , admits, that he had received
 
 all the negroes bequeathed,
 
 ex cept John, }n whom Christiana-had a life estate. It is in- • sisted for Christiana,’ that this deed is a release and bars all claim on the part of Elias to the slaves Holland and Tilman. On the contrary, Elias alleges, that it was a surprise on him, and that he executed the release under a mistake and in ignorance of his rights. It is a clear case of surprise. Being entitled to four negroes, he receives two of them, and executes a receipt in full. If the two received had been
 
 other
 
 than those he was entitled to and of
 
 more value,
 
 it might have amounted to a satisfac
 
 *129
 
 tion; but, as they were two of the four, it is impossible to bold, that it was in satisfaction of the four. As to the two not delivered, there has been no kind of consideration for the release, and it is not against conscience to insist upon having these two also, the receipt in full to the contrary notwithstanding.
 

 A reference was made to the Master in the Court-below, who reported, that assets, to.an amount exceeding $6000 in good promissory notes, bearing interest, due tha . testator, came to the hands of the executrix, upon which sum he has charged interest up to the 8th of October 1849; in all $7041 40. He has credited the executrix with t.wo notes specifically bequeathed, and $1200 in other good, notes given to her, and with various pecuniary legacies paid by her, and has
 
 allowed
 
 interest from the dates of the several payments up to the 8th of October 1849 ; and he has also allowed vouchers for payment of debts and fun« eral expenses, amounting to #129 32, upon which he has given interest from the date of the several payments to the 8th of October 1849.
 

 The plaintiff, Elias Turnage, filed two exceptions, which raise the question, whether the executrix was entitled to the allowance of interest on the legacy to her of $1200 in other good notes, and on the pecuniary legacies, until after the expiration of two years from the probate of the will. As she is charged with interest on one side of the account, it is right that she-should be credited with interest on the other side, provided the legacies were not paid before they were due. That raises this question; as the executrix had the funds in hand and there were no debts against the estate, was she at liberty to pay the legacies forthwith and settle the estate
 
 l
 
 Or was it her duty to keep the fund at interest for two years, merely for the purpose of accumulation, by way of interest, for the benefit of the residuary legatee ? The statute
 
 allows
 
 ex-
 
 *130
 
 eeutors and administrators two years to settle estates, upon the supposition, that
 
 many
 
 estates are complicated and cannot well be settled in less time. This, however, is intended as an indulgence to them, and was by no means intended to confer on the residuary legatee the right to have thp fund put out at interest for his benefit. In this' case, as no time is fixed on for the payment of the legacies, they were payable forthwith 5 and, as the condition of the estate did hot require delay, the executrix was not olily at liberty, but it washer duty, to pay them as soon ag ghe had funds in hand. In fact, the legatees might have sued within the two years, and under the circumstances the Court would have decreed the legacies to be paid.
 

 The exceptions are overruled, It must be declared
 
 to
 
 be the opinion of the Court, that the plaintiff, Elias Turn-age, is entitled to the slayes* Holland and Tilman, and the costs {pqgt bh paid by the defendant.
 

 Pcs. Curiam. Decree accordingly.