HuMPinxTi, Ch. J.
The appellee, Xorvel, as administrator pendente lite of one Milton Hicks, deceased, sued the appellants for the recovery of a tract of laud. One of the principal questions in the cause, and the only one which I shall examine, is whether the plaintiff, by virtue of the grant of administration pendente Hie, had lawful authority to bring the action, or whether the grant was nuil and void, and conferred no right to represent the interests of the deceased.
The facts of the case, as affecting this question, are that Milton Hicks departed this life in 1839; that administration in the same year was granted to Charles K. Eeese, and continued in him till December, 1S48. when his account with the estate for final settlement was filed, and it appearing to the court that the estate had been fully administered, it was ordered that the said account current: bo received and recorded, anti said succession closed, and that the administrator be fully discharged upon his presenting to the court a receipt that t lie effects of the estate remaining in bis bands bad been passed over to the heirs of the said deceased or their legal representatives. Subsequently, in January. 1850, letters of administration pendente lite were granted by the same court to tlie appellee, but there is no evidence showing upon what facts such grant was obtained.
*8 It is contended by the appellants that there is no sncli administration known to our laws as that of administration pendente lite. However that might be under the laws in force prior to the act of 1S18, yet by that act provision is made for the appointment of an administrator under the designation of an administrator pro tern, for substantially the same purposes anti with the like powers and limitations of an administrator pciulcnte lite. To authorize the grant of either there must be a contest pending respecting the probate of a will or the right of administration. On the conclusion of the suit the grant, whether denominated ‘■‘■pendente lite” or “pro tern.,” is terminated. ‘ (Art. 1137, Dig.; 1 Williams on Executors, p. 400.) The designation of the administration by the terms '•'■pendente lite ” instead of “pro tem.” is not fatal to the grant; but the latter terms, being those employed in the statute, should be used by the court from which the letters issue.
It being determined then that the grant of limited administration, described as “pro tem.” in the 28th. section of the statute, (art. 1137,) would not be rendered void by its being designated pendente lite, the question arises whether, under the facts of this case as alleged and proven, the Probate Court had any lawful authority to grant such administration, whether it bo under the description of upendente lite ” or “pro tem.”
It appears from the record that letters of administration upon this estate had been granted more than ten years previous to the commencement of this suit to Charles K. Keese, and that more than one year antecedent to the graut of this administration pendente lite the said Reese had filed his account current for final settlement with the estate, that the same was received and approved,, and the succession having been fully administered, as stated in the decree of the court, was ordered to be closed, and the administrator discharged on his producing a voucher that the effects of the deceased had been passed to the representatives of the deceased. It appears from this decree that all the purposes legally within the scope of administration had been effected; that the necessity for continuing the succession open liad ceased, and it was ordered to he closed-If open for any purpose it was merely for the formal discharge of the administrator on production of his receipt from the, heirs.
The rights of the latter to the exclusive control and possession of the property as it existed at the close of administration had accrued; and unless they could again he rightfully divested for administrative purposes the grant of this administration must he void.
All letters of administration, whether general or special, are for purposes more or less temporary. The duration of even general letters of administration was under former laws precisely fixed, with power under special circumstances of prolongation; and under the existing statutes the policy of speedy administration and adjustment, in order that the succession may lie closed, is continued. At the death of a deceased all his property vests immediately in his heirs, whether they he testamentary or ab intestato. Such was the law at the death of the intestate Hicks; but under the law as it then existed his heirs hart the privilege of accepting the estate with or without tiie benefit of inventory. If accepted without inventory there was no necessity for the appointment of an administrator, for the heirs became unconditionally liable for the payment of debts. By the law now in force the, whole estate vests in the heirs, subject with certain exceptions to the payment of his debts; but upon the issuance of letters testamentary or of administration, the executor or administrator has a right to the possession of the estate as it existed at the death of the deceased, in trust for the disposition of the same under the provisions of the act. (Art. 1221.)
The estate then at the deatii vests immediately in the heirs as the true and full owners. A qualified interest is subsequently vested in executors and administrators principally for the collection and payment of debts and demands for and against the estate; and when the object of the trust is satisfied the property remaining- is again to be restored to the heirs as rightful proprietors. Hay, under the provisions of the statute the heirs are not to'be deprived of the enjoyment of the property until the debts are completely discharged. After *9 the expira! ion oí twelve months from the grant of administration the heirs may require partition of the residue, the administrator retaining-sufficient to pay ail ihe debts allowed, approved, or established, or rejected, or disapproved, and which may be established; and no suit, on a claim for money can be. subsequently instituted against an executor or administrator, but the holder shall have his action against the heirs, devisees, or legatees. (Art. 1100-97.)
These provisions show that when a succession lias once been administered and cio-eil I lie effects are by operation of law restored to the heirs. They have the full ownership with all the incidental rights of control, disposition, and actions for its recovery and possession. What possible beneficial purpose could be secured by a second administration? The heirs can prosecute their own rights, disembarrassed of any supposed interest in an executor or administrator.. Should th'-y labor under disability from infancy or coverture, the law has provided for (heir protection, but not through the agency of an executor or administrator.
Were it not for the express authority of law the Probate Court could not originally take the estate out of the heirs to vest it in an administrator. Por certain purposes this is permitted; but when the trust is executed and the property restored to the heirs, disencumbered of all the relations growing out of the trust, where is the authority for again disturbing the heirs and placing the estate once more under administration? Such intrusion, as we have before stated, is not necessary for the benefit of Hie heir, nor is it necessary for creditors. They liave their action against the heirs, devisees, and legatees, and if even expedient yet such power could not be exercised unless authorized by law. If them the court has no rightful power to reopen a succession which ha , oner. bam fully administered itnd finally closed, the attempt to do so in this caso must be void, and the grant of administration absolutely null.
It may be said that the court having the right in proper cases to grant letters of administra! ion pro tan. or paulante lite it must be presumed, when the question is raised collaterally, that the circumstances existed which justified the exerei'C of the power, or that the judge having power to perform such act, if in tim exercise of his discretion he, acted improperly, the act is only voidable and not void, and cannot be incidentally questioned by third persons.
That the 1’róbate Court lias extensive authority over all matters pertaining to tli<‘ estates of deceased persons is true; and it is equally clear that all its acts on subjects within its cognizance, however erroneous they may be, are voidable, not void. If at the opening of the succession the judge had improperly grunted letters of administration pendent lite, these might have been subsequently revoked; blit the acts of the administrator, as an officer defacto, would ha\e'been valid and could not have been by third persons collaterally attacked. That would have been a case in which the court might have rightfully the power to grant administration to some one; hut under the facts of this ease lie had no power to grant administration to any. Ilis grant is not regarded in the light of an erroneous act of a tribunal having jurisdiction over the subject-matter, but as the act of a court without jurisdiction.
As the point urnier discussion lias been well illustrated in the case of Griffith v. Frazier. 1 will cite some passages from the opinion, in which the distinction is drawn li-tweeu the void and voidable acts of a court having testamentary jurisdiction. “ To give Hie ordinary jurisdiction, a case in which.by law letters-“of administration may issue must be brought before him. In the common “ case of intestacy it is clear that letters of administration must be granted to-“some person by the ordinary; and though they should bo granted not according to law, still the act is binding until annulled by the competent “ authority, because lie had power to grant letters of administration in the “ case. 15ut; suppose administration to he granted on the estate of a person not “ really dead. The act. all will admit, is totally void; yet the ordinary must. “always inquire and decide, whether the person whose estate is to bo “committed to the care of others is dead or in life. It is a branch of every “case in which letters of administration issue; yet the decision of the ordinary *10 “that the person on whose estate he acts is dead, if tiie fact be otherwise, does “not invest the person he may appoint with the character or powers of an “administration. Tiie case, in truth, was not within his jurisdiction; it was “ not committed to him by law, and it was not one in which lie had a right to “ deliberate.”
Note 1. — Rope v. 'Newman, 26 T., 131; Giddings v. Steele, 28 T., 732.
Note 2. — Hunt v. Horton, 12 T., 285; Francis v. Hall, 13 T.. 189; Wardrup v. Jones, 23 T., 489. An entry that the final account of an administrator be admitted and filed, and that he be discharged upon payment of costs, is not such a final close of administration as will defeat the title of a bona fide purchaser at a sale by such administrator upon order granted eight months afterwards. (Alexander v. Maverick, 18 T., 179.)
Note 3. — McMahan v. Rice, 13 T., 335: Grande v. Herrera, 15 T., 533, Soye v. MeCallister. 18 T., 80.
Other cases in which the act of a Probate Court in the grant of administration would be absolutely void were referred to for illustration. It was held that tiie appointment of an administrator on the estate of a deceased,.whose executor was present in tiie constant performance of his duties, would be absolutely void; that the ownership by the executor of the chattels, for the purpose of administration, was incompatible with any power in tiie ordinary to transfer those chattels to another by the grant of administration; and that such grant would pass nothing and be absolutely void. (S Cr. R., 9.)
In this case the power of the Probate Court over tiie estate for the grant of .administration, liad ceased. No such case could have been presented as would .have authorized the grant. The estate had vested or been restored to tiie heirs in full ownership. They -were as much proprietors as was the intestate in his lifetime. Their rights were exclusive and incompatible with any power in the Probate Court to transfer their property to another; and any attempt to do so was beyond the jurisdiction of tiie court, and a mere nullity.
Without further discussing this subject we are of opinion that the grant of administration to the appellee was void, that it conferred no right or power upon him to represent the deceased. The judgment must therefore be reversed and tiie cause dismissed.
Reversed and dismissed.