### IRA WEEKS *v.* BENJAMIN H. JEWETT & WIFE & AL.

Where a remainder in personal property was given by will to a married woman in 1825, and, at the death of the tenant for life, it came into the possession of a third person, *held* that the next of kin of such married woman, on her death, can maintain no suit for it, either at law or equity, against such third person, without taking out administration; and *held* also that the surviving husband of such married woman was, at common law, entitled to the beneficial use of such property, even although he had not taken administration.

Where an executor had delivered over to the tenant for life the personal property given by the will, and such tenant had received and retained it until her death, it was *held* that the executor could not, as such, maintain a suit against a third person to recover it, as his duty must, in the absence of any provisions in the will to the contrary, be regarded as discharged by the delivery to the legatee.

THIS is a bill in equity brought by Ira Weeks against Benjamin H. Jewett and Mehitable Jewett, his wife, and Samuel J. Sinclair and Frances M. Sinclair, his wife.

It sets out a will made by Walter Weeks, May 21, 1825, and proved November 10, 1825, in which he gives his wife, during her natural life, one-third part of his estate, both real and personal, including one of his clocks to be selected by her, and his large bible; and, to his son, the plaintiff, he gives all his estate not otherwise disposed of by the will; to his daughter, Sukey Ann Taylor, among other things, one-third part of his household furniture, and, after the decease of his wife, one-half of it; and the same bequest is made to his grand-daughter, Hannah Weeks Robins; and the plaintiff was appointed executor, and he accepted the trust and gave bond according to law.

It appeared that the widow accepted the provisions of the will, and, in December 1825, selected one-third part in value of the household furniture, worth about $200; and one-third part of the other personal property and of the real estate was also assigned to her. It also appeared, that, from December 1826, the widow lived in the family of the said Benjamin H. Jewett, until her death, which took place February 10, 1860, leaving what remained of her part of said furniture at said Jewett's house, to which she took it when she went there. It further appeared that the said Sukey Ann Taylor and Hannah Weeks Robins both died before the widow, without having disposed of their reversionary interest in the furniture given to the widow, and that each left a husband still surviving, but no children—the plaintiff being nearest of kin to both.

The bill prayed for discovery and relief in respect to this furniture, and also in respect to other property bequeathed to the said widow, and alleged to have come into the possession of the defendants. The hearing was had upon the bill, answers and proofs; and the other facts sufficiently appear in the opinion of the court.

*Wiggin*, for plaintiff.

*Perley* and *Frink*, for defendants.

BELLOWS, J. The plaintiff claims this furniture upon two grounds,—

as heir of Mrs. Taylor and Mrs. Robins, and also as executor of Walter Weeks,—alleging, that, on the death of the tenant for life, it was his duty as executor to take the furniture and hold it for the parties entitled to it.   The claim of the plaintiff to the other property depended upon questions of fact, and, upon the proofs, we find the allegations in the bill not sustained.

In respect to this furniture, it appears that the husbands of both of these legatees survived them, and it is well settled that a husband is entitled to administer on his wife's estate and to recover to his own use her choses in action and every other species of personal property, whether vested or contingent, and in case he dies before he administered, his right to administer, and to the property, goes to his heirs.   *Judge of Probate* v. *Chamberlain*, 3 N. H. 129, and cases cited.

In this case, no administration was taken by any one, and the question is, whether the next of kin can maintain an action against a third person, not claiming under the husbands, for this property.   If the title to the furniture was in the husbands or their representatives, it is clear that the plaintiff, not having had possession of it, could maintain no suit.   Upon this point, it is held that the interest of the husband is such that if he obtain possession of the wife's personal property without suit, and without taking administration, he is entitled to hold it subject to the claims of her creditors ; and, in case another person takes administration, he will hold the property in trust for the husband or his representatives, after payment of her debts.   *Squib* v. *Wyn*, 1 P. Wms. 381; *Elliott* v. *Collier*, 3 Atk. 526.   In the latter case, Lord Hardwicke says, that, although the ecclesiastical court was bound by statute to grant administration to the next of kin of the wife, yet that does not bind the right in that court; for, the husband surviving the wife, the whole estate vested in him at the time of her death, and no person could possibly be entitled to the rights of the wife but himself, so that her whole property belonged to him.

These views are fully sustained in *Whitaker* v. *Whitaker*, 6 Johns. Rep. 117, in which the court say that "the administration, given by the statute to the husband who survives the wife, cannot be necessary to entitle him to the beneficial use of what he recovers.   It merely confers a right to sue for her choses in action, and, if he can obtain them without suit, his title is as perfect as though he had taken letters of administration."   This case also lays it down as settled, that the right of administration follows the right to the estate.   The same general doctrine is recognized in Com. Dig., Baron & Feme, E. 3 ; *Elliott* v. *Collier*, 1 Wils. 168 ; *McKee* v. *McKee*, 8 B. Mon. 461 ; *Coleman* v. *Hallowell*, 1 Jones' Eq. Rep. N. C. 204.

It would seem, then, to be clear, that, although the husband cannot, without taking administration, sue for his deceased wife's choses in action, yet he is to be regarded at common law as the equitable owner of all her personal estate, so that if another take administration and recover such property, he will hold it merely as trustee for the husband, unless needed for the payment of debts.

If, under these circumstances, the husband could not sue for his wife's

choses in action in his own name, when he is alone beneficially entitled to them, much less could the next of kin, when, if he recovered, he would only hold them in trust for the husband. At common law, the heir, as such, had no interest in the personal estate, except that it should be applied to the payment of the debts, and thus relieve the real estate which may have descended to him, from the claims of specialty creditors; but he had no title to the personalty whatever—that went to the executor or administrator, who, previous to the statute of distributions of 22 & 23 Car. 2 c. 10, explained by 29 Car. 2 c. 30, was entitled to the surplus remaining after the payment of the debts and legacies.

By our statutes, the real estate descends to the heirs unless needed to pay debts and legacies; but the personal estate, as at common law, goes to the executor or administrator, and the surplus, after the payment of debts and legacies and the expenses of administration, is distributed among the widow and next of kin by the decree of the judge of probate. Until this decree, neither the widow nor next of kin has any title to the personal estate, and, of course, can maintain no action to recover it. *Tappan* v. *Tappan*, 30 N. H. 50.

In *Bradford* v. *Felder*, 2 McCord Rep. 169, cited and recognized in *Jenkins & al.* v. *Freyer & al.*, 4 Paige Ch. Rep. 51, it is held that the next of kin cannot sustain a suit in equity for the recovery of the personal property of the deceased, without taking out administration, although he may be exclusively entitled to the beneficial interest therein. The same doctrine is recognized in *Jenkins & al.* v. *Freyer & al.*, before cited, which holds that the executor or administrator can alone represent the personalty. To the same effect is *Kellar's Executors* v. *Beelor*, 5 Monroe's Rep. 574, and *Wilkinson* v. *Perrin*, 7 Mon. 217, also cited in *Jenkins & al.* v. *Freyer & al.*

The case of *Woodin* v. *Bagley*, 13 Wend. 453, is directly in point. There a person died leaving a widow and children and some personal estate to which the widow and children were entitled. The whole went into the possession of the widow, and, on her death, into the defendant's hands as her executor. Some of the children, as heirs at law of their father, claimed their share of the executor. The court held that as heirs they were not entitled to the personal property of their ancestor; that it goes to his personal representative, who in judgment of law is entirely distinct from the heirs; and that the action could not be maintained. And the court lay it down, that they could not as heirs "sustain even a suit in equity for the recovery of the personal property belonging to the intestate, although exclusively entitled to the beneficial interest therein; but they must take out letters of administration and sue in that capacity." And this doctrine is fully sustained in *Beecher* v. *Crouse & al.*, 19 Wend. 306.

These principles, applied to the claim of the plaintiff for the furniture in which the widow had a life estate, are decisive. The remainder in that property was vested in Mrs. Taylor and Hannah Weeks Robins, and, had they survived the widow, they would have been entitled to the specific articles, and, for aught we can see, might have maintained a suit against any one who withheld from them the possession.

But the plaintiff claims the property as their heir, and, even if he was exclusively entitled to the beneficial use of it, he could not maintain a suit to recover it, even from the defendants who have no title to it whatever. Had the plaintiff obtained possession of it after the the widow's decease, it would have been otherwise. As it is, he could sue only as administrator of these legatees.

There are, however, two articles of household furniture, namely, a clock and a desk, that stand on a different footing, inasmuch as the remainder, on the termination of the life estate, went to the plaintiff, as in the case of the other personal property except the furniture; but we think that his interest in the clock and desk, as in the other property, was sold and conveyed to Taylor. Besides, in respect to the desk and clock, we think that the answer of Jewett and wife, that these articles were not withheld from the plaintiff, is not overcome by the proofs.

The plaintiff also claims, that, as executor of Walter Weeks, he is entitled to recover the furniture in which the widow had a life estate, upon the ground that it was his duty to look up the furniture at the termination of the life estate and deliver it to the legal representatives of the persons to whom the remainder was bequeathed. But we think there is nothing in the will from which it can be inferred that the executor was to stand in the relation of trustee to Mrs. Taylor and Hannah Weeks Robins; but that, on the delivery of the furniture to the widow, his duty in regard to it was discharged. The case of *Weeks* v. *Weeks*, 5 N. H. 329, shows that the furniture was properly delivered over to the tenant for life, and that the testator intended to confide the possession of it to her, and that she was accountable, and intended to be so, to those in remainder; and, if she squandered it, the remedy would be only against her, as the testator clearly intended to trust her with it.

Whether this is properly a case for relief in equity we have not considered, as we are satisfied, that, on other grounds, the

*Bill must be dismissed.*