B. F. SMATHERS, Administrator, etc., of John Leatherwood, v. W. L. MOODY et al.

*Construction of Will—Devise—Life Estate—Right of Executor to Possession of Land.*

1. Where a testator devised lands and other property to his wife, and in the devising clause provided as follows: "All the above named articles she is to have the undisturbed possession of during her natural life. At her death they shall descend to and become the property of my three blind sons, to-wit, Edward, Elias and Jason, to be equally divided between them for their support; to be managed for them by my executor. In case one of them should die then said property, with its increase, shall descend to and become the property of the other two. In case two of them die then the

aforesaid property shall enure to and become the property of the remaining one; at his death all the property that remains I will to be sold by my executor to the best advantage, and the moneys arising from said sale shall be equally divided among all my grand-children of whatever name": *Held,* that the plain intention of the testator was that upon the death of the last survivor of the three blind sons all the property committed by him to the man-agement of his executor for their support—the land and so much of the personal property as remained—should be sold for division as stated in his will.

2. An administrator *cum testamento annexo* has all the rights and powers and is subject to the same duties as if he had been named as execu-tor; therefore

3. Where an executor was charged with the management of land, which implied the right of possession until the trust should be fully car-ried out, upon his death and the appointment of an administrator *de bonis non, cum testamento annexo,* the latter became entitled to the possession of the land, and can recover the same from those withholding it.

CIVIL ACTION for the recovery of land, brought by B. F. Smathers, administrator *de bonis non, cum testamento annexo,* of John Leatherwood, against W. L. Moody and W. P. Moody, and heard before *Bynum, J.,* at Fall Term, 1892, of HAYWOOD Superior Court on complaint and demurrer.

The plaintiff alleged that he was the owner of and entitled to the possession of the land by virtue of the will of John Leatherwood, deceased, and his office as administrator, hav-ing been appointed administrator *de bonis non, cum testamento annexo,* upon the death of the executor named in the will and who had qualified. The pertinent clause of the will was as follows:

"2. I give and bequeath to my beloved wife, Sarah Leatherwood, four tracts of land (describing them). Also four negroes, to-wit, Fillia, Raleigh, Fannie and Robert. Also four head of horses, equal to any of my stock I may have on hand. Also ten head of cattle, equal to the me-dium of my stock that may be on hand at my death. Also

twenty head of hogs, equal in value to my stock, and also twelve head, equal in value to my stock. Also all my household and kitchen furniture, together with all the poultry on the farm of whatever nature or kind. All the above named articles she is to have the undisturbed possession of during her natural life. At her death they shall descend to and become the property of my three blind sons, to-wit, Edward, Elias and Jason, to be equally divided between them for their support; to be managed for them by my executor; in case one of them should die then said property, with its increase, shall descend to and become the property of the other two; in case two of them die then the aforesaid property shall enure and become the property of the remaining one; at his death all the property that remains I will to be sold by my executor to the best advantage, and the moneys arising from said sale shall be equally divided among all my grandchildren of whatever name."

The defendants demurred to the complaint and insisted that by the terms of the will the land descended to the survivor of the three blind sons with the right of disposal in fee, "and that it does not appear from the complaint that there was no disposition made of said property or that any of said property remained at the death of the survivor; and that it does not appear from the complaint that the plaintiff has or claims any other right or interest in said land outside of his appointment as administrator, etc.; and that it appears from the face of the complaint that the plaintiff is nothing more than a naked trustee, and it does not appear therefrom that the said trust has not been executed."

His Honor overruled the demurrer, holding that by the will the three sons had only a life estate in the land, and defendants appealed.

*Messrs. G. H. Smathers, J. C. L. Gudger* and *T. F. David-son*, for plaintiff.

*Messrs. G. S. Ferguson, J. M. Moody* and *T. R. Purnell*, for defendants.

BURWELL, J. : The testator, whose intention is the great object of inquiry in our effort to correctly construe his will, seems most naturally to have considered four persons—his wife and his three unfortunate sons—the special objects of his provident care. To his "beloved wife," as he calls her, he gives the home where he and she, with the blind boys, lived, and other lands, and all the furniture, and certain slaves and stock, indicating most unmistakably his wish and purpose that the home, as he left it, should be the home of his widow. His intentions as to her are plain.

It will be noted that he makes no provision for his three blind children during the life of his wife, in whose "undisturbed possession" he directed "all the above named articles" should remain "during her natural life-time," thus indicating his entire confidence that so long as the mother lived they would be cared for by her out of the property thus given to her. But he is careful to provide for these unfortunates after the death of the mother ; and as he showed, by giving them nothing during their mother's life, his belief that they were helpless and in need of constant care, so he further exhibited that belief by his provision for them after her demise. The property, including the land described in the complaint, was then to come under the *management* of the executor of his will for the support of his three blind sons equally. His language shows an evident intent that they should neither be burdened by nor entrusted with the management of the estate from which he wished them to be supported ; and while he says that these lands and the other property named shall "descend" to them, and

" become their property " and " enure " to them, and upon the death of one these should enure and become the " property of the surviving ones," all these expressions are controlled and explained by the provision that at the death of that surviving one " all the property that remains " shall be sold by the executor and the money divided among his grandchildren of whatever name.   We think it very plain that the testator's intention was that upon the happening of this event—the death of the last survivor of the three blind sons—all the property committed by him to the management of his executor for their support, the land and as much of the personal property as had not been consumed or lost, should then be sold for division as above stated.

Since, under this construction of the will, it is the duty of the plaintiff administrator to sell the land described in the complaint, it is his right and his duty, standing as he does in the place of the executor, to take possession of that land that he may in a proper manner discharge the trust imposed upon him.   He has all the rights and powers and is subject to the same duties as if he had been named as executor. *The Code,* §2168.   The executor of this will was expressly charged with the management of this land, which implied the possession thereof, during the life of the three blind children, and it is clearly implied that his possession was to continue till he had made sale thereof for the purpose mentioned in the will.   As the executor could recover the possession of this land if he were living (*The Code,* §1501) so can the plaintiff do, being clothed with all his rights and powers.   *McAlpine* v. *Daniel,* 101 N. C., 550; *The Code,* §§2168, 2166.

Such being the right of the plaintiff under the will which he has been appointed to execute, it follows that the demurrer was properly overruled.   The effect of it was to

admit the truth of all the allegations of the complaint, among which was one that defendants unlawfully and wrongfully withheld the possession from the plaintiff. He avers a right to the possession, which we adjudge to be valid if the facts upon which he says it rests are true, and a wrongful withholding of that possession by defendant. He is entitled to judgment unless an answer is filed.

No Error.                                    Affirmed.