ETTA HELMS AND FRANK HELMS, HER HUSBAND, v. E. A. COLLINS.

(Filed 19 December, 1930.)

**Wills E c—Devisee took fee simple under rule in Shelley's case after falling in of prior life estate under terms of this will.**

A devise to testator's wife of all his real property with power of disposition over all or a part of the same, and the part not so disposed of to his daughter for her life and at her death to the "heirs of her body": *Held,* upon the death of the wife without any disposition of the property the title to the lands vests in the daughter in fee simple under the rule in *Shelley's case,* the naked power of disposition to the wife not affecting the result.

APPEAL by defendant from *McElroy, J.,* at August Term, 1930, of UNION. Affirmed.

On 15 November, 1929, the plaintiffs and the defendant entered into a written contract for sale by the plaintiffs and purchase by the defendant of three tracts of land at the agreed price of $3,400. The plaintiffs tendered and the defendant declined to accept a deed for the land on the ground that the *feme* plaintiff owns a life estate and not a fee simple.

The parties agreed on the facts, and the trial court adjudged that Etta Helms is the owner in fee and that the defendant should accept the deed at the price agreed.

*W. B. Love and W. H. Rooker for plaintiffs.*
*Gilliam Craig for defendant.*

PER CURIAM. J. W. Clontz made a will containing the following item: "I give, devise and bequeath unto my wife, E. Jane Clontz, all of my real and personal property of every description and wheresoever located so long as she may live, and should she need the proceeds of the same to live on I give her the right to sell a part or all of the same, but that part not sold or used by her during her lifetime I give and devise unto my daughter Louetta Helms for and during her life and at her death to the heirs of her body."

Jane Clontz did not sell any part of the land devised to her for life. The naked gift of a power of disposition did not convert her life estate into a fee. *Carroll v. Herring,* 180 N. C., 369; *Roane v. Robinson,* 189 N. C., 628. The remainder "to my daughter Louetta Helms for and during her life and at her death to the heirs of her body" vests in Louetta Helms an estate in fee under the rule in *Shelley's case. Chamblee v. Broughton,* 120 N. C., 171; *Bank v. Dortch,* 186 N. C., 510.

Judgment affirmed.