## Simon Hutchinson & others *v.* Jonathan Cole.

A widow, made by her husband's will life-tenant of his real estate, was also authorized by the will, in case she should require anything more than the profits of the estate, for her comfortable support and maintenance, to sell so much of it, as should, in her judgment, be necessary for that purpose; and the remainder of said estate, if any, was to go to the son and certain grandchildren of the testator, in such manner and proportion as she, by her last will and testament might direct. She married again; and just before the marriage conveyed the homestead estate of her old husband to her new one, for the nominal consideration of twelve hundred dollars, "said sum," as she expressed it in her deed, " being necessary, in my judgment, for my comfortable support." The real consideration of the deed, however, was the contemplated marriage, and about one hundred dollars paid to her by her betrothed, the defendant, at the time the deed was executed, to enable her to settle a debt she was owing. *Held,* that this was a fraudulent execution by the widow of the power of sale entrusted to her; and that upon her death, intestate, those entitled to the estate in remainder under the will of her first husband might, in equity, compel her second husband, as their trustee, to convey the estate to them, according to their interest, upon condition of repaying to him the hundred dollars with interest, after deducting therefrom the rents and profits of the estate, received by him since the death of the life-tenant, with all just allowances.

Bill in equity by the remainder-men of a small estate, in Smithfield, late the homestead of William Hutchinson, to set aside, as unauthorized and void, a conveyance of the same in fee to the defendant, by a life-tenant, under a power of sale contained in the will of said William.

William Hutchinson, who was the owner of said estate and other property, real and personal, of no great value, made his last will and testament, bearing date January 4, 1850, which

was, afterwards, upon his death in 1855,. duly proved and re-corded. By this will, after ordering his just debts and funeral expenses to be paid out of his estate, he disposed of it in the following manner : —

" Firstly. I give, devise, and bequeath unto my wife, Eliza-beth Hutchinson, all my estate and estates, real, personal, and mixed, for and during the term of her natural life ; and in case my said wife shall require anything more than the profits of said real estate for her comfortable support and maintenance, then, in that case, I authorize and empower my said wife to sell so much of my said real estate as shall, in her judgment, be necessary for her comfortable support and maintenance through life. And my will is, that all the remainder of my estate, after the decease of my said wife, if any, shall go to my son, Simon Hutchinson, and to all my grandchildren, except Frances Brown, daughter of my late son, Burrill Hutchinson, deceased, in such manner, and in such proportions, as my said wife, in and by her last will and testament, shall direct." The will also constituted Elizabeth Hutchinson the sole executrix of, the testator.

Under this will, Elizabeth Hutchinson, having duly qualified herself as executrix, possessed herself of all the estate of the testator, real and personal, and paid his debts ; but never hav-ing settled any final account with the court of probate of Smithfield, the precise amount of the personal property or of the debts did not appear ; and evidence was submitted to the court, on both sides, for the purpose of proving the same, and the consequent adequacy or inadequacy of the profits of the real estate, after the satisfaction of the debts, to afford a com-fortable maintenance to the life-tenant. As the case did not, however, in the judgment of the court, turn upon this evidence, it is unnecessary to detail it here.

The real estate of the testator consisted of his small home-stead, · of about ten acres, with a dwelling-house and other buildings thereon, and of a lot of land in the vicinity of it, of about three acres. On the 9th day of December, 1857, his widow, the tenant for life, by her deed with warranty, reciting the power of sale, conveyed the homestead estate of her late

husband to the defendant for the nominal consideration of twelve hundred dollars, " said sum," as she says in her deed, " in my judgment being necessary for my comfortable support," and about a week afterwards, intermarried with him ; he being a widower, and a man. of considerable substance.   Both in his answer, and in his testimony, for he was examined as a witness, the defendant admitted that the consideration named in the deed of Elizabeth Hutchinson to him, was merely adopted as a measure of the value of the estate, which was worth not less than one thousand dollars, nor more than sixteen hundred dollars, and that the real consideration of the deed was, the marriage between himself and the said Elizabeth, and about one hundred dollars which he paid to her at the time the deed was executed to enable her to settle some debt which she was owing. He further testified, that early in the spring next after the death of William Hutchinson the said Elizabeth urged him to buy the estate, first for the sum of $2,000, and afterwards for the sum of $1,800, both which offers he declined, and advised with him about selling it to a Quaker for $1,500, which he advised her to do, inasmuch as the cost of labor, and of taxes and repairs, would amount to more than the income would repay; that the trade with the Quaker fell through, when, not far from the time of their marriage, she again urged the defendant to buy the estate, telling him that she was afraid to live there alone, with no neighbors but old-country folks, and that she cried of nights, she was so lonely, and liable to fall sick.   The defendant testified that he inquired of her why she did not board out, to which she replied, that she was afraid to leave her goods there; but that she had heard the defendant had taken an aunt of his former wife to board with him for her property, and wished him to take her; that the defendant told her — he being a widower and she a widow — that would not look well, and then proposed marrying her, and talked about a deed of the estate, although he had not thought much of marrying her before; that they talked about the value of the place, and the defendant. told her that she would probably be more expense to him than it was worth; but then she was a likely woman.

Hutchinson & others *v.* Cole.

The conveyance in question and a marriage between the parties was the result of these and similar conferences; but Elizabeth dying suddenly, intestate, on the 7th day of April, 1859, this bill was filed by the plaintiffs, consisting of the son and grandchildren of William Hutchinson, who were entitled to the estate in remainder, as they claimed, under the will of said William, praying that the conveyance by Elizabeth to the defendant, might, both because the profits of the estate were sufficient for her support, and because the deed was executed in fraud of the power, be declared void; or that the defendant might be declared to be a trustee of the estate conveyed, for them, according to their interest under said will, and be ordered to convey the same to them respectively according to such interest, and for further relief.

*Thurston & Ripley*, for the complainants.

1. Elizabeth Hutchinson took, by the will of her husband in the real estate in question, an estate for life, with a naked power to sell, dependent upon the contingency of her *requiring* " anything more than the profits of said real estate for her comfortable support and maintenance." *Stevens* v. *Winship*, 1 Pick. 318; *Larned* v. *Bridge*, 17 Ib. 341.

2. The happening of the contingency was a condition precedent to the right to sell. *Minot* v. *Prescott*, 14 Mass. 496; *Larned* v. *Bridge*, 17 Pick. 342; *Dyke* v. *Ricks*, Cro. Car. 335.

3. The recital in the deed of Elizabeth Hutchinson to the defendant, that the consideration of $1,200 alleged to have been received, was, in her judgment, necessary for her comfortable support, is no *estoppel* upon the complainants; it is open to them to show that the contingency upon which a good title could be made, never, in fact, happened. *Minot et al.* v. *Prescott*, 14 Mass. 496.

4. No money consideration was in fact ever paid for the conveyance, the real consideration of which was the marriage of the life tenant with the defendant.

*Weeden*, for the defendant.

Elizabeth Hutchinson, the defendant's grantor, was, by the will of her husband, authorized to sell so much of his real estate as should, in her judgment, be necessary for her comfortable

27,*

support and maintenance through life. She exercised this judgment, and decided the sale of the estate conveyed to him to be necessary, and expressed the same in the deed to him. The true consideration of the deed was a marriage contract to be performed by the defendant, which was executed a few days after the deed, and enured as a good consideration for it. *Spencer* v. *Smith,* 5 Conn. Rep. 117, and cases cited; 4 Kent's Com. 465. The expression of a pecuniary consideration is mere matter of form, and the true consideration may be proved. *Wood* v. *Beach et al.* 7 Verm. 528, and cases cited; *Meeker* v. *Meeker,* 16 Conn. 387; *Clapp* v. *Turell,* 20 Pick. 247; *McCrea* v. *Piermont,* 16 Wend. 460. Elizabeth Hutchinson was not required by the will to sell only enough to supply her wants from time to time; but "through life." The estate was unproductive, and afforded no income to her at the time of sale, and she had then less means on hand than she brought to her husband's estate. The consideration of her support, under the contract of marriage, was more eligible for her than a retention of the property; since it secured her support during the life of the defendant, and if she survived him, dower out of all his lands.

AMES, C. J. The bill, in substance, alleges two grounds for the relief asked; first, that the contingency upon which, under the will of her husband, the power of Elizabeth Hutchinson to sell the real estate of which she was constituted tenant for life, never arose; and, secondly, if it did arise, that the conveyance made by her to the defendant, upon the consideration disclosed, was made in fraud of the power.

Upon the first of these grounds, we doubt whether sufficient cause is shown for the interposition of the court. There is certainly room for question upon the evidence, whether, after satisfying the debts of the testator out of his personal estate, as far as it would go, and the balance of them, so far as the personal estate was deficient, out of the realty upon which they were charged, the profits of a small house in Smithfield, and of some thirteen acres of farming land, were sufficient, in the hands of a woman, for her comfortable support and maintenance, however humble might be the scale upon which, according to her condition and expectations, we might be disposed to adjust it.

But upon the other ground alleged, the proof clearly brings the case within the jurisdiction of the court, both for discovery and relief. It is, that the life-tenant *colorably* sold the estate to the defendant for the sum of twelve hundred dollars, but *really* conveyed it to him without money consideration, for the purpose of promoting herself in marriage. It is not contested that this was substantially the fact; the main consideration of her conveyance being, that the defendant would marry her, although, as he swears, he paid her, at the time of the execution of the deed one hundred dollars, to enable her to settle a debt which she was owing. Now the question is not, as was argued for the defendant, whether this was not the best and most comfortable way in which the life-tenant could provide herself with a support by means of the estate, which, for that purpose she was empowered to sell; but, whether it was such an execution of the power as satisfied the intent of the testator in giving it. The will makes the widow but a life-tenant, with remainder in fee to the testator's children. A power is given to her to sell so much of the real estate as in her judgment shall be necessary for her comfortable support and maintenance through life, provided the rents and profits, to which she would be entitled as tenant for life, should prove insufficient for that purpose. In other words, the power to sell and to appropriate the proceeds of sale, so far as necessary, to her maintenance, was, to assure it, given to her, in addition to her right to rents and profits as tenant for life. To sell a portion of it, or to sell or encumber the whole of it, as her necessities might require, and to apply the proceeds to their relief, — in other words, the common sense of such a provision, was undoubtedly what was in the mind of the testator when he made it. Nothing, probably, was further from his thoughts, than that he was conferring upon his widow a power to buy with his estate, within a few months of his death, an eligible marriage for herself, to the disinherison of his children. The result illustrates how completely such an execution of the power defeats, to the injury of those entitled in remainder, the probable intent of the testator. Within fifteen months of the marriage thus purchased, the widow of the testator, now wife of the defendant, dies, leaving

the defendant the gainer of this estate, at the expense of the remainder-men, in addition to having enjoyed during this interval the happiness of the society, as he gives us to understand, of the best of wives. The widow undoubtedly had a right to marry again, and for aught that we know, wisely chose her husband; but good as he might be, she had no right, under this power, to buy him with the estate of his predecessor; thus staking the property of others, as well as her own well-being, for what has proved to be so short lived a happiness. This was, in the sense of a court of equity, and for the purpose of its relief, a fraudulent execution of the power of sale entrusted to her; and the defendant, who was a party to the fraud, can derive no profit from it. 2 Sugden on Powers, ch. 11, § 2, and cases quoted.

Let a decree be entered declaring the defendant a trustee of the estate in question for the respective plaintiffs in proportion to their interest as remainder-men under the will of William Hutchinson, and as such, ordering him to convey said estate to them in that proportion. As there is some proof that the defendant, in consideration of the conveyance to him, paid a hundred dollars to Mrs. Hutchinson, in addition to marrying her, let a master inquire into and report upon that fact, as well as prepare and superintend the conveyance to be executed by the defendant. If it turns out that such a partial valuable consideration has been paid by the defendant, the return of it, with interest, must be secured, as the condition upon which a court of equity will relieve against such a fraud. *Daubeny* v. *Cockburn,* 1 Mer. 626.

The bill does not specifically pray for an account of the rents and profits of the estate received by the defendant since the death of the life-tenant, but we think that the plaintiffs, under the prayer for general relief are entitled to it in recoupment against the one hundred dollars and interest; and, therefore, order the master to take such an account, making the defendant all just allowances.