MILLER *et al. vs.* REDWINE *et al.*

1. A trustee is invested with sufficient power to execute the trust, and in order to determine the power of the trustee, the court will look into the character of the trust estate. Therefore, where a will bequeathed to a married woman and her children a lease held by the testatrix on a hotel, and also the furniture contained therein, and all the live stock about said hotel, and all the accounts and debts of every kind, and real and personal property belonging to said testatrix at the time of her death, and appointed the husband of the married woman, who was the son of the testatrix, as executor, "to carry into effect my wishes as above expressed," and concluded thus, "I also appoint Ebenezer T. White, trustee, to

hold said property for the said Sallie A. White and her children, with the right to sell said property and re-invest t he same for the benefit of his *cestuis que trust* at any time, without an order of court for that purpose :"

*Held,* that the trustee had power to mortgage th e trust property to raise money to carry on the hotel business.

2. Where the trustee purchased furniture for the  trust estate from one Miller, and was to execute a writin g whereby Miller was to retain the goods until they were paid for, but this was not done, and where the wife individually purchas ed furniture from one Snook, and gave him a writing where by he was to retain the title until the goods were paid for, but this contract was no<sup>t</sup> recorded, and where a mortgage was made to one Redwine, covering both the trust property and the property bought by the wife, and two mortgages were made to one Ricks, covering the trust property, and on the final hearing of a bill to distribute the fund arising from the sale of the property, it was decreed that Redwine should first be paid, and no exception to this was taken, and it was held that the mortgage liens of Ricks were valid as to the trust property :

*Held,* that Snook, having sold to the wife individually, had no equitable claim upon the proceeds of the furniture sold by Miller to the trustee ; and a judgment therefor in favor of Snook against Miller wa s erroneous.

3. *Held,* further, that the last mortgage of Ricks should have been purged of all usury and reduced to the amount of money loaned by him to the trustee.

February 9, 1886.

Trusts and Trustees.  Mortgages.  Liens.  Powers.  Interest and Usury.  Before Judge HAMMOND.  Fulton Superior Court.  April Term, 1885.

Reported in the decision.

L. W. THOMAS; ABBOTT & SMITH, for plaintiff in error.

W. I. HEYWARD; HOKE & BURTON SMITH; A. M. SPEER; HAYGOOD & MARTIN, for defendants.

BLANDFORD  Justice.

J. B. Redwine and William W. Ricks having obtained mortgages on the hotel property of the National Hotel,

Atlanta, and the Stone Mountain Hotel property,—Red-wine from E. White, agent and trustee, and his wife, Sallie A. White, and children, his *cestuis que trust*, and Ricks, one mortgage for one thousand dollars, older than Red-wine's mortgage, from E. T. White, agent and trustee for his wife and children, on the hotel property of the National Hotel, Atlanta, and also another mortgage younger than the mortgage of Redwine,—these several mortgages were foreclosed and levied on the property mortgaged. Miller, Snook and others, as creditors of Mrs. Sallie A. White and of Ebenezer T. White, as trustee for his wife and children, filed the bill in this case, whereby they claimed that Eben-ezer T. White could not, as trustee for his wife and chil-dren, under his mother's (Ann S. White's) will, mortgage the trust property to raise money to carry on the hotel business. The following is the will of Mrs. Ann S. White:

" I give and bequeath to my daughter-in-law, Sallie A. White, and her children, the lease which I hold on the Ricks House, at Carters-ville, Georgia, and also all the furniture contained in the Ricks House, and all the live stock about said hotel belonging to me, and also all accounts and debts of any kind, real and personal, owned by me at the time of my death. I appoint my son, Ebenezer T. White, my executor to carry into effect my wishes as above expressed. I also appoint Ebenezer T. White trustee to hold said property for the said Sallie A. White and her children, with the right to sell said property and re-invest the same for the benefit of his *cestuis que trust* at any time, without an order of court for that purpose."

Snook sold a bill of furniture to Mrs. Sallie A. White, and she gave him a writing, whereby he was to retain the title until the goods were paid for. This was signed by E. T. White, agent, but was not recorded, as required by law, when the mortgages to Redwine and to Ricks were exe-cuted. A. J. Miller sold a bill of furniture for the Stone Mountain Hotel to E. T. White, trustee, and he was to exe-cute a writing whereby Miller was to retain the title until the goods were paid for, and this was not done. The mortgages of Redwine and Ricks covered all the property of the trust estate and of Mrs. Sallie A. White.

A receiver was appointed and all the property sold; that of the Stone Mountain Hotel brought two hundred and fifty dollars, which was bought by Miller, he giving his bond for the same. The last mortgage of Ricks was given to secure the loan of two hundred dollars in money to E. T. White, and usury, and for services as a hotel clerk. The cause came on for a final hearing, when the court decreed that the amount due on Redwine's mortgage be paid. To this part of the decree there is no exception taken. The mortgage liens of Ricks were held to bo valid as to the trust property. It was decreed that Miller pay Snook two hundred and fifty dollars, the amount of his bond given for the Stone Mountain furniture purchased from Miller.

This decree is excepted in each and every part thereof by Miller, and error is assigned thereon, and the case is here for review, except as to Redwine.

1. A trustee is invested with sufficient power to execute the trust, and in order to determine the power of the trustee, the courts will look into the character of the trust estate. Code, §2340. In *Wayne vs. Myddleton,* 2 *Kelly,* 383, four slaves were conveyed by William Pelot to Levi S. DeLyon in trust for the sole and separate use of Elvina Pelot, his wife, during her life, and after her death to her children. The deed authorized Mrs. Pelot, by and with the advice and consent of her trustee, to sell and dispose of the trust estate when she shall deem it proper to do so, and to re-invest the proceeds upon like trusts. She purchased a tract of land from Middleton, the growing crop thereon, and hired three negroes from Middleton till the end of the year for the sum of $1,476.00. She executed her notes for this sum, which were secured by a mortgage on the four slaves embraced in the trust deed and a mortgage on the land. It was held that it was competent for Mrs. Pelot to make this contract. This decision seems to cover this case, and is direct authority to sustain the ruling of the court below.

2. The next complaint is that the court erred in decree-

ing that Snook should recover of Miller two hundred and fifty dollars, the amount of the bond which Miller gave the receiver for the Stone Mountain furniture which Miller had sold to White, trustee.

Upon what principle or authority the court thus decreed, we have been unable to ascertain. Snook had no lien or claim on this furniture; he had sold to Mrs. Sallie White individually, whereas· the money which Miller owed was for furniture sold by him to the trustee. His equity was greater than that of Snook on this fund; indeed, Snook had no equity on this fund; Miller had, and the decree should have been in his favor.

We think the last mortgage of Ricks should have been purged of all usury and reduced to the amount of money loaned by him to the trustee.

Judgment reversed.