Thomas Pyne *et al. vs.* Helen U. O'Donnell.

JULY 7, 1950.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This is a bill in equity to quiet title to certain real estate in the city of Providence. After a hearing in the superior court on bill, answer and proof a decree was entered denying and dismissing the bill. The cause is before us on complainants' appeal from that decree.

The complainants are some of the remaindermen. referred to in the third clause of the will of John J. McDonnell,

hereinafter quoted. The respondent is a niece of Elizabeth J. (McDonnell) Gavigan, to whom the latter devised by will her interest in the premises involved herein.

It appears from the evidence that John J. McDonnell died testate in the city of Providence on December 2, 1924. He was survived by his wife Elizabeth J. McDonnell. There were no children born of this marriage. During his lifetime John J. McDonnell and his wife were seized of certain real estate as tenants in common. The will of the former, duly allowed by the probate court of Providence, contained the following pertinent provisions:

> "Second: All the rest, residue and remainder of my estate, both real and personal wherever the same may be located or found, including any that I may acquire subsequent to the date of this will as well as that of which I am now possessed, I give devise and bequeath unto my beloved wife, Elizabeth J. McDonnell, for and during her natural life, with full power and authority to sell, mortgage or in any other manner dispose of the whole or any part of the same, if in the judgment of my said wife, it shall become necessary so to do for her comfort, maintenance and support.
>
> Third: All the rest, residue and remainder of my said estate remaining at the death of my said wife, and not having been sold, mortgaged or otherwise disposed of in her lifetime, I give, devise and bequeath unto to my nephews and nieces who may be living at the time of my beloved wife's death, said nephews and nieces being the sons and daughters of my beloved sisters, namely, Elizabeth Pine and Mary Shaub, said nephews and nieces to have share and share alike."

On October 3, 1930 Mrs. McDonnell married Michael J. Gavigan, and on October 18, 1930 the latter placed his wife's name on his bankbook, which evidenced a balance of $3500. From that time until her death Mrs. Gavigan retained sole possession of this bankbook. On November 21, 1930 she executed a warranty deed to her husband, Michael J.

Gavigan, and herself, creating a joint tenancy in the premises involved herein. For nearly sixteen years thereafter this property remained in her name and that of her husband as joint tenants.

After certain disputes concerning rents had occurred between Mrs. Gavigan and her husband she, on February 7, 1946, executed a quitclaim deed of her interest in this property to her niece, Teresa A. Orser, who on the same day reconveyed the premises to her aunt by quitclaim deed. Having thus broken the joint tenancy with her husband, Mrs. Gavigan devised all her interest in and to said property to her niece Helen U. O'Donnell, the respondent herein.

Complainants contend that the transfer of title by joint tenancy deed from Elizabeth J. Gavigan to herself and husband Michael J. Gavigan was not a valid exercise of the power given to her by the will of her first husband John J. McDonnell, and that such conveyance was merely a colorable transaction designed to defeat the evident intention of the testator to devise his interest in this estate to the remaindermen mentioned in his will in the event that his wife did not exercise the power of disposition in the manner provided therein.

In his rescript reviewing the evidence and discussing the law applicable thereto, the trial justice found that Elizabeth J. Gavigan intended to exercise the power of disposition given her by the will of her first husband John J. McDonnell when she created a joint tenancy in herself and her second husband Michael J. Gavigan, and that this conveyance was made pursuant to the provisions of general laws 1938, chapter 435, §17. There is evidence to support such finding.

At the time of the conveyance the grantor had in her own right an undivided one-half interest as tenant in common and a life estate in the other half devised to her by the will of her former husband John J. McDonnell. Under his will she also had a sufficiently broad power of disposition as to the remainder to enable her to dispose of it by sale, mortgage or *in any other manner,* if in *her*

*judgment* it became necessary to dispose of it for her *comfort, maintenance and support.* Only a few weeks before the execution of the joint tenancy deed to herself and her second husband, the latter had placed in her name and turned over to her his bankbook representing his bank account of $3500, which bankbook she retained until her death. By the deed of joint tenancy she conveyed a fee in the whole estate. Unless she was making this conveyance in exercise of the power of disposition contained in her husband's will, she would not be able to convey the fee in the whole estate as described in the deed, because without such power she had a fee in less than the whole estate.

We are of the opinion that the question of good faith on the part of Mrs. Gavigan in disposing of this remainder is to be determined as of the date of the exercise of the power of disposition rather than the date, nearly sixteen years later, when she severed the joint tenancy by quitclaim deed to her niece. Her use of a warranty deed conveying a fee to the whole estate is consistent with the theory that she did intend to exercise the power of disposition given by the will, for if she was not exercising that power she could convey only a fee in less than the whole estate. Her subsequent breaking of the joint tenancy by the deed to her niece and the reconveyance to her by her niece on the same date vested in her only the same quantum of estate that she had *in her own right* at the time of her husband's death, and such action on her part is an indication that her previous conveyance by way of joint tenancy was made in the exercise of the power under the will.

Under the will of her first husband Mrs. Gavigan was made the *sole judge* of what might be necessary for her comfort, maintenance and support. A desire for her own security, comfort and support, through harmonious relations with her second husband who was then furnishing her support and who within a few weeks of the marriage had turned over to her a substantial portion of his savings,

would be sufficient justification and reason for the exercise of this power.

Complainants rely upon *Hutchinson* v. *Cole,* 6 R. I. 314, and *Gardner* v. *Whitford,* 23 R. I. 396, to support their contention, but we think these cases are clearly distinguishable from the instant case. In the *Hutchinson* case a deceased husband had devised to his wife certain real estate for life with power to *sell* so much thereof "as shall, in her judgment, be necessary for her comfortable support and maintenance through life" with remainder, if any, to the complainants. Shortly before her remarriage the wife conveyed this real estate to her intended husband for the *nominal* consideration of $1200. The evidence disclosed that the real consideration was the marriage between the donee of the power and the respondent and that the amount of money paid was only about $100, a sum wholly disproportionate to the value of the estate disposed of. The court held properly that there was a fraudulent execution of the power and that the consideration was such as would not support a valid exercise of such power in accordance with the intention of the testator. In the instant case no question of consideration is involved. The only question is whether there has been a proper exercise of the power.

In the *Gardner* case personal property only was involved. Under the will of Lydia T. Whitford certain real and personal property was left to her husband for life to use the income, interest and profits for his support, and with power, if he should find it necessary, to use any part of the principal and to sell and dispose of any part thereof, but with a proviso that if any part of the property and estate included in the gift to him should be *left,* it should go to the complainants. A part of the wife's estate was a deposit of $1571.44 in a savings bank. The husband, Amos Whitford, withdrew this deposit and, with other funds, deposited it in another bank in the name of "Amos Whitford or Edwin A. S. Whitford." Amos Whitford died leaving this deposit intact. The court held that, since none of the

money had been used for the husband's support and was *left* at the time of his death, the mere change of the deposit was not a disposition of it under the power. The circumstances in the instant case are entirely different.

From a careful consideration of the evidence we cannot say that the trial justice was in error in entering the decree appealed from.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Gardner, Day & Sawyer, Edward W. Day, Hayden L. Hankins,* for complainants.

*John G. Murphy,* for respondent.