JOHNSON et al. v. JOHNSON et al.

No. 33930.   Dec. 19, 1950.

*225 P. 2d 805.*

Harry Hammerly, of Chickasha, and C. C. Wilkinson, of Duncan, for plaintiffs in error.

D. M. Cavaness and Melton, McElroy & Vaughn, all of Chickasha, for defendants in error.

ARNOLD, V. C. J.  This action was commenced in the district court with the purpose of having the court construe certain provisions of the will of H. L. Johnson, who died May 29, 1947. The pertinent parts of the will are as follows:

"Third:  The remaining two thirds of my estate, consisting of both real and personal property, I give, devise and bequeath unto my said wife, Ollie M. Johnson, she to have and own the same during her life time and upon her death, such two thirds of said estate, or the remainder thereof and accumulations thereto, to be vested in and given to my eighteen children, or to such of them as may be living at the time of my death, and if any of my said children should die prior to the death of the said Ollie M. Johnson, leaving issue surviving, then the interest of such deceased child or children to go to the issue of such deceased child or children by right of representation.

"Fourth:  I hereby give to the said Ollie M. Johnson, the unconditional right and power to sell or dispose of said two thirds interest in said estate, or any part thereof, to mortgage the same or any part thereof, to execute mineral or royalty deeds thereto or thereon, and all without condition or restriction and without obtaining the authority of any court therefor and without the approval of any court thereof, and the said Ollie M. Johnson to execute any of such instruments or conveyances individually or as executrix, and with the right and power of the said Ollie M. Johnson to use the income from such property or the proceeds from any sale thereof or the sale of any interest therein, as she may see fit, either for the purpose of reinvestment for the benefit of my estate or for her personal or family support."

It was alleged that the will is ambiguous; that the authority therein

granted to sell or otherwise dispose of two-thirds interest in said estate was restricted to the purposes of reinvestment, support of the widow and her family; that she was about to sell said two-thirds interest in said estate for another purpose than that provided; that the will should be interpreted and the widow of decedent enjoined from selling except for one or all of the purposes mentioned.

The proof shows that the testator was married twice. To his first marriage five children were born, who are plaintiffs in the present action. At the time of his second marriage, in 1902, neither he nor his former wife owned any substantial amount of property. In 1917 he purchased a farm in Grady county. Of this second marriage thirteen children were living at the date of the execution of his will, May 15, 1931. All of the property of which he died seized and which was disposed of by his will was accumulated during his second marriage.

Ollie M. Johnson, widow and executrix, testified that she had no intention of selling or disposing of any part of the two-thirds interest given to her for life unless it became absolutely necessary; that she was receiving approximately $240 per month oil royalties from the land and that she saw no immediate necessity for disposing of any of the property.

The trial court denied the relief sought by plaintiffs and held and adjudged that the language of the will is not ambiguous; that by its terms and provisions Ollie M. Johnson was given the fee-simple title to an undivided one-third interest of all the real and personal property of the deceased, together with a life estate in and to the remaining two-thirds interest therein, with the absolute and unconditional right and authority to sell and convey all or any part of such two-thirds interest and the right and authority to use the proceeds "from any sale as she may see fit, either for the purpose of reinvestment for the

benefit of said estate or for the personal support of the said Ollie M. Johnson and her family"; that the interest devised and bequeathed to the 18 children of the testator was a contingent remainder after the termination of the life estate granted to Ollie M. Johnson.

The argument of plaintiffs is directed to the sole contention that by the fourth paragraph of the will the testator limited the power or authority to sell, etc., for the purposes enumerated, to wit: reinvestment, support of herself or family. In support of this contention they point particularly to the expression "with the right and power of the said Ollie M. Johnson to use the income from such property or the proceeds from any sale thereof or the sale of any interest therein, as she may see fit, either for the purpose of reinvestment for the benefit of my estate, or for her personal or family support."

It is apparent that this provision does not relate to or in any way limit the power to sell theretofore unconditionally granted in the fourth paragraph of the will. The limitation expressed therein relates only, as intended, to the use of the income from the property or proceeds from any sale thereof or interest therein. The power to sell granted the devisee of the life estate in the land is absolute and unconditional.

A devise of real property by a testator to his wife for life with remainder over to his children with the further provision that the wife should have the absolute and uncontrolled power to sell the real estate and use the proceeds from any sale thereof or the sale of any interest therein, as she may see fit, either for the purpose of reinvestment for the benefit of the estate or for her personal or family support gives to the wife the power to sell the real estate and convey a fee-simple title thereto. Such devisee is not subject to control of any court in the exercise of such power to sell. Miller v. Irey

et al., 150 Okla. 240, 1 P. 2d 654; Arnold et al. v. McAuliffe et al., 201 Okla. 639, 209 P. 2d 866.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.