CLARENCE R. HILL, ADMINISTRATOR OF THE ESTATE OF LILLIE L. HILL,
AND INDIVIDUALLY v. CURTIS L. HILL AND WIFE, MARY E. HILL

No. 7329DC337

(Filed 25 July 1973)

1. **Wills § 40— devise of life estate with power to convey — estate created**

    A general devise or bequest to a named person with a power of disposition transfers the property in fee, and a subsequent limitation over of the "remainder" is void as repugnant to the absolute gift; but a devise or bequest of a life estate, with remainder over, including the power to convey a fee by the life tenant creates only a life estate, not a fee simple.

2. **Wills § 40— devise of life estate with power to convey — exercise of discretion by devisee not reviewable**

    Where the wife was devised by her husband a life estate in all his property together with authorization " . . . in her sole discretion to sell and dispose of any of this property whenever it shall appear necessary or desirable to provide her with additional funds for her care, comfort, happiness, maintenance or support," the wife's exercise of her discretion with respect to conveyance of the property was subject to the review of no one; therefore, the trial court properly refused to set aside the wife's deed made three years before her death which conveyed in fee part of the realty devised to her for life to her son.

APPEAL by plaintiff from *Gash, Judge,* 22 January 1973 Session of HENDERSON County District Court.

Plaintiff and defendant are the sons and heirs of Lillie L. Hill, she having died intestate. On 16 June 1965 the father of plaintiff and defendant and husband of Lillie Hill, died testate, leaving his property to Lillie Hill for life, with power to convey a fee, remainder to their children equally.

On 7 July 1967 Lillie Hill executed a deed by which she conveyed in fee part of the realty, devised to her for life, to her son, the defendant, Curtis L. Hill and his wife. Lillie Hill died intestate on 19 September 1970; and plaintiff, individually, and as her administrator, brought suit to have the above deed to defendants set aside. Plaintiff contended that Lillie Hill had the power to convey a fee only if necessary for her support, and that during her life tenancy she was never in need of funds which would justify her sale of the property.

Upon motion and hearing, summary judgment was entered for defendants.

---

Hill v. Hill

---

*Prince, Youngblood and Massagee for plaintiff appellant.*

*Redden, Redden and Redden by Monroe M. Redden for defendant appellees.*

CAMPBELL, Judge.

[1]   A general devise or bequest to a named person with a power of disposition transfers the property in fee, and a subsequent limitation over of the "remainder" is void as repugnant to the absolute gift. But a devise or bequest of a life estate, with remainder over, including the power to convey a fee by the life tenant creates only a life estate, not a fee simple. *Rudisill v. Hoyle,* 254 N.C. 33, 118 S.E. 2d 145 (1961) ; *Darden v. Boyette,* 247 N.C. 26, 100 S.E. 2d 359 (1957) ; *Holland v. Smith,* 224 N.C. 255, 29 S.E. 2d 888 (1944).

[2]   In the instant case Lillie Hill was devised by her husband a life estate in all his property together with authorization " . . . in her sole discretion to sell and dispose of any of this property whenever it shall appear necessary or desirable to provide her with additional funds for her care, comfort, happiness, maintenance or support."

The question arising on this appeal is when and under what conditions the life tenant may properly convey in fee part of the life estate.

As is to be expected, the many jurisdictions are unevenly divided on this point, some holding that the power to convey must be strictly construed, and that the conveyance by the life tenant must reasonably be related to the purposes enumerated. See, for example, *Bell v. Killian,* 266 Ala. 12, 93 So. 2d 769 (1957) ; *McMillan v. Cox,* 109 Ga. 42, 34 S.E. 341 (1899) ; *Brunton v. Easthampton Savings Bank,* 336 Mass. 345, 145 N.E. 2d 696 (1957) ; *Parker v. Lloyd,* 321 Mass. 126, 71 N.E. 2d 889 (1947) ; *Lincoln v. Willard,* 296 Mass. 549, 6 N.E. 2d 774 (1937) ; *Parsons v. Smith,* 190 Kan. 569, 376 P. 2d 899 (1962) ; and *Kern v. Kern,* 100 Ohio App. 327, 136 N.E. 2d 675 (1955).

One court has held that a discretionary power to convey a fee for the life tenant's support is an absolute power to convey; only the use of the funds is limited. *Johnson v. Johnson,* 203 Okla. 676, 225 P. 2d 805 (1950).

On the other hand, it has been held that a life estate created in a wife, with power to convey a fee if necessary for her support, maintenance, or benefit, creates in her an absolute power to sell not subject to review. See *Richards v. West,* 110 So. 2d 698 (Fla. App. 1959) (life tenant must exercise good faith); *Wiglesworth v. Smith,* 311 Ky. 366, 224 S.W. 2d 177 (1949); *Pyne v. O'Donnell,* 77 R.I. 240, 75 A. 2d 21 (1950); and *Holmes v. Holmes,* 65 Wash. 2d 230, 396 P. 2d 633 (1964). Cases of each view are collected in 26 A.L.R. 2d 1207; and for an extensive collection of cases, see 31 A.L.R. 3d 169.

The question is not whether a power to convey a fee is or is not limited to fulfill a specified purpose. Rather, it is a question of the testator's intent at the time he created the life estate with the power to convey, which intent is to be derived from the will as a whole.

If the testator's primary purpose was to benefit the remaindermen, with a momentary consolation to the life tenant prior thereto, then the life tenant's power to convey must be strictly construed so as not to unjustly compromise the rights of the remaindermen.

But, if the testator's primary purpose was to benefit the life tenant, with merely a provision for the orderly disposition of anything that might remain so as not to pass intestate with respect thereto, then the life tenant's discretion and judgment as to the conveyance of the estate is not subject to review.

Item Two of the will in the instant case provides in its entirety:

"I give, devise and bequeath all of my property of whatever kind and nature, whether the same be real, personal or mixed, and wheresoever the same shall be located or situated, to my wife, Lillie L. Hill, for the term of her life, and to pay over the income therefrom to herself. My wife and I have worked for more than fifty years together to accumulate this property and it is my desire that she be supported in comfort for the remainder of her life and I direct that this property be used to serve that purpose. In order to accomplish the purpose set out I specifically authorize her in her sole discretion to sell and dispose of any of this property whenever it shall appear necessary or desirable to provide her with additional funds for her care, comfort, happiness, maintenance or support."

In Item Four of the will the testator appointed Lillie Hill his executrix, giving her full power to rent, encumber, sell and convey any of the property as in her sole discretion would be to the best interest of the estate.

The language of this will is inconsistent with a purported intent of the testator that Lillie Hill's discretion with respect to the conveyance of that property was subject to the review of anyone. Whether the conveyance involved here was necessary for her comfort or support was entirely within her discretion, not subject to review.

No error.

Judges BRITT and BALEY concur.